UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
LORETTA CLINE, et al.,
                                          NO. CIV. S-06-487 LKK/GGH
          Plaintiffs,

     v.                                   O R D E R

MERCK & COMPANY, INC.; and
McKESSON CORPORATION,

          Defendants.
                                      /
```

On February 9, 2006, plaintiffs Loretta Cline and Leslie Cline ("plaintiffs") filed an action in the Superior Court for the County of Los Angeles against defendants Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging injuries from their use of the prescription drug Vioxx. On March 9, 2006, Merck removed the action to this court based on diversity jurisdiction. Plaintiffs now move to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict

1

1  Litigation ("MDL") proceeding that has been established to deal
2  with the large volume of Vioxx-related cases in federal court.

## I.

## BACKGROUND

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 148 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. In Re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L 2005). The Panel also held that around 300 related actions in multiple federal districts "will be treated as potential tag-along cases." Id. at 1352 n. 1.

Merck asserts, and plaintiffs do not dispute, that it will shortly provide notice to the Panel of this action. Merck expects a conditional transfer order to be issued by the Panel within the next few weeks. See Def.'s Mot. to Stay at 5. Since the first transfer order was issued on February 16, 2005, more than 2,500 cases have been transferred to or filed directly to the MDL Vioxx proceedings. Id. at 4.

## II.

## ANALYSIS

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues

1 likely to arise in other actions pending in [the consolidated
2 action]." Conroy v. Fresh Del Monte Produce Inc., 325 F.Supp.2d
3 1049, 1053 (N.D. Cal. 2004).

4 Here, Merck asserts that removal is proper because defendant
5 McKesson, whose presence defeats diversity jurisdiction, was
6 fraudulently joined. See Def.'s Notice of Removal at 7. The
7 question of whether McKesson was fraudulently joined is not unique
8 to the pending case. See, e.g., Lame Bull v. Merck & Co., et al,
9 No. 05-2465, slip op. (E.D. Cal. January 24, 2006)(Karlton, J.)
10 (staying case to allow remand to be decided by MDL judge); Purcell
11 v. Merck & Co., et al, No. 05-0443, slip op. (S.D. Cal. June 6,
12 2005) (same); Johnson v. Merck & Co., No. C 05-02881, slip op. at
13 *2 (N.D. Cal. Oct. 3, 2005)(same); Love v. Merck & Co., No. 05-2140
14 (E.D. Cal. Oct. 24, 2005)(McKesson named as a defendant but case
15 transferred before motion to remand was filed); Lagden v. Merck &
16 Co., No. 05-0656 (E.D. Cal. filed Apr. 4, 2005)(same).

17 Given the number of cases that present this exact
18 jurisdictional question and given the growing number of Vioxx cases
19 being transferred to the MDL proceeding in the Eastern District of
20 Louisiana, this court follows the many other district courts in
21 California in finding that the interest of judicial economy favors
22 staying this action pending its transfer to the MDL proceeding.[1]

---

[1] The court is aware that it is departing from its August 15, 2005 order on the same issue. See Martin v. Merck & Co., No. S-05-750, slip op. (E.D. Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 30 cases from California that involve the identical

3

For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiffs' motion to remand is DENIED;

3. Good cause appearing, the order to show cause issued on May 4, 2006 is DISCHARGED;

4. Oral argument on the motion, currently set for May 30, 2006, is VACATED;

5. The initial scheduling conference currently set for May 22, 2006 at 2:30 p.m. is VACATED; and

6. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to MDL Proceeding No. 1657 in the Eastern District of Louisiana.

IT IS SO ORDERED.

DATED: May 16, 2006

> /s/Lawrence K. Karlton
> LAWRENCE K. KARLTON
> SENIOR JUDGE
> UNITED STATES DISTRICT COURT

---

jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. Moreover, it is apparent that the majority of the Vioxx cases that are removed are not, in fact, remanded. Defendant Merck asserts, and plaintiffs do not dispute, that the majority of courts have stayed approximately 300 Vioxx cases with pending remand motions. See Def.'s Opp'n to Pls.' Mot. to Remand at 5:11-12.

4